UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MALONEY CINQUE, L.L.C., <br> MALONEY SEPT, L.L.C., AND <br> STAN'S L.L.C. | CIVIL ACTION |
| VERSUS | NO. 07-4512 |
| PACIFIC INSURANCE COMPANY, LTD., <br> E. B. DUCASSE INSURANCE AGENCY, INC., <br> AND XYZ INSURANCE COMPANY | SECTION "N" (3) |

**ORDER AND REASONS**

Plaintiffs move this Court to remand this matter to the Civil District Court for the Parish of Orleans, State of Louisiana. The removing defendant, Pacific Insurance Company, Limited ("Pacific"), opposes Plaintiffs' motion. As stated herein, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No. 6) is **GRANTED**.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiffs retained E. B. Ducasse Insurance Agency, Inc. ("Ducasse") to obtain property insurance and business income coverage for their three truck stops. Ducasse secured a single policy from Pacific to provide this coverage. The policy was first issued on August 22, 2004; it was renewed on August 22, 2005.

On or about August 29, 2005, Plaintiffs' truck stops suffered damage as a result of Hurricane Katrina. Thereafter, Plaintiffs sought payment of insurance proceeds under their policy with Pacific.

1

According to Plaintiffs, however, Pacific relied on a co-insurance clause in the policy in denying some or all of Plaintiffs' business income claim. Plaintiffs contend that this is when they first learned that Ducasse had failed to obtain the full coverage that they had requested and, thereby, left them underinsured. Plaintiffs additionally assert that, upon further research following Pacific's claim denial, they were informed that the co-insurance clause found in their Pacific policy actually was not approved by the Louisiana Department of Insurance for use in Louisiana.

When the parties were unable to amicably resolve Plaintiffs' claims, Plaintiffs filed suit in state court on or about August 21, 2006, asserting claims against Pacific for sums due under the policy, as well as penalties, attorney's fees, and damages pursuant to La. R.S. 22:658 and 22:1220. Plaintiffs have also asserted a separate negligence claim against Ducasse.

Asserting jurisdiction under 28 U.S.C. § 1332, State Farm removed this matter to the Eastern District of Louisiana on August 28, 2007. Now seeking remand, Plaintiffs contend that Ducasse's presence as a Louisiana defendant precludes the requisite complete diversity of citizenship. Disagreeing, Pacific maintains that Plaintiffs improperly joined Ducasse as a defendant and, therefore, its citizenship is immaterial.

## II. LAW AND ANALYSIS

For 28 U.S.C. § 1332 to provide subject matter jurisdiction over this action, complete diversity of citizenship must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. Pacific contends that this Court has jurisdiction under § 1332 because Plaintiffs improperly (fraudulently) joined Ducasse,

a Louisiana defendant, to defeat complete diversity.[1]

A plaintiff may not join a non-diverse defendant in a suit to defeat diversity jurisdiction *unless* the plaintiff has a viable claim against that defendant. When determining whether the plaintiff has a viable claim, however, "the plaintiff's intent that the joinder" of a defendant "should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal," as long as the claim against the party to be joined is "not merely colorable or made in bad faith." 14C C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 629-30 (3d ed. 1998).

"The burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983). Specifically, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted). "[F]raudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party." *Doe v. Cutter Biological,* 774 F. Supp. 1001, 1003 (E.D. La. 1991) (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 343 (2nd ed. 1985)). The Court, however, should not pre-try the case. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for improper (fraudulent) joinder. Whether using the phrase "no possibility of recovery" or "no reasonable basis for the plaintiff to establish liability," however, the essential standard has been the

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See, e.g., Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). Nevertheless, the term "fraudulent joinder" is still frequently used.

same. *See Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* the Fifth Circuit explained and clarified the standard:

> [T]he court determines whether the [plaintiff] has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

Because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination," a full-scale evidentiary hearing is inappropriate for determining improper joinder. *Green,* 707 F.2d at 204. That being said, the scope of the inquiry for improper joinder goes beyond the pleadings to include summary judgment-type evidence. *Travis,* 326 F.3d at 648-49. This allows the Court to determine whether a plaintiff has a basis in fact and law for his or her claim. *See, e.g., Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, however, the Court "take[s] into account all unchallenged factual allegations, including those in the [petition], in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Finally, all ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of fraudulent joinder. *Id.* at 648.

Pacific maintains that Ducasse's citizenship should not be considered for the reason that Plaintiffs' claims of its alleged negligence are perempted.[2] Specifically, Pacific contends that any alleged negligence of Ducasse occurred in connection with the policy's initial procurement, and

---

[2] For purposes of Plaintiffs' motion to remand, Pacific does not argue that Ducasse owed no duty to Plaintiffs, and , thus, cannot be liable to them. Accordingly, the Court assumes that, if timely, Plaintiffs assert an otherwise valid claim against Ducasse.

should have been discovered, by reviewing the terms of the policy, within one year of August 22, 2004. Suit was not filed, however, until August 21, 2006. Pacific further contends that Ducasse's August 22, 2005 renewal of Plaintiffs' policy bears no significance, relative to timeliness, because no independent tort occurred at that time. Rather, Pacific argues, the initial alleged negligence simply continued from one policy year to the next.

Relative to this issue, this Court, in *Greve v. Allstate Indemnity Company*, Civil Action No. 06-6678, 2007 WL 1484056, *2-3 (E. D. La. May 21, 2007), explained:

> A peremptive period is a period of time fixed by law for the existence of a right, and the right is extinguished unless timely exercised within the period. La. R.S. 9:5606(A) provides, in pertinent part:
>
>> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> In this case, [Greve's] home insurance policy was issued on May 15, 2004, which Defendant Allstate contends is the starting date for the peremptive period. Defendant [Allstate] also states that this is the date the alleged neglect should have been discovered so plaintiffs [sic] have failed to file within the required one year period.

5

>In her Petition, Greve asserts that Vinsanau "was negligent and breached their [sic] fiduciary duty to plaintiff by directly or indirectly informing plaintiff that the policy sold to plaintiff would cover all hurricane damages."[3] While it is reasonable to assume that such a quoted statement, if made by Vinsanau, would likely have been made at the time the insurance was purchased in 2004, it might well be (and is certainly reasonable to believe) that subsequent conversations were held between Greve and Vinsanau regarding this coverage. [Greve] has not specified a date that the alleged act, omission, or neglect occurred. [Greve] urges that because the date of the alleged act is in dispute, the Defendant [Allstate] has not met its burden of persuasion at this stage. In fact, Vinsanau's Affidavit provided by Allstate, while recounting some of the communication with the insured, does not refute the statement contained in ¶ 30 of the Petition.
>
>This Court has held that when examining an improper joinder claim, "the district court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Richmond v. Chubb Group of Ins. Companies,* No. 06-3973, 2006 WL 2710566, at *9 (E.D. La. Sept. 20, 2006) (quoting *Burden v. Gen. Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995)). The Court concluded in *Richmond* that because the plaintiffs had not stated when the alleged omission had occurred, the Court could not determine whether the peremptive period had expired under Louisiana R.S. 9:5606. 2006 WL 2710566 at *20. Similarly, Greve has not stated a date of omission or neglect, so this Court cannot determine, on the showings made, whether the peremptive period has expired.

The instant situation is analogous to that presented in *Greve*. Plaintiffs' First Amended Petition does not specify exactly when Ducasse's alleged wrongdoing(s) occurred. Plaintiffs do allege, however, that they "relied on Ducasse to use its expertise to evaluate the insurance needs of

---

[3]    *See* Greve Petition, Civil Action No. 06-6678 (Rec. Doc. No. 1-2) at ¶30.

the plaintiffs and to procure full and sufficient [business income] coverage[.]"[4] As in *Greve,* while certain conversations regarding the requested business income coverage presumably occurred at the time it was placed in 2004, it is not unreasonable to believe that additional, similar conversations occurred upon renewal in 2005.

Further, like in *Fidelity Homestead Association v. The Hanover Insurance Company*, 458 F. Supp. 2d 276, 280-81 (E.D. La. 2006), the Court is unable to ascertain, without further factual development, whether Plaintiffs were "lulled into complacency by representations made by [Ducasse]"; thereby rendering their reliance on him reasonable notwithstanding the actual policy language and excusing their failure to discover the problem earlier.[5]

Thus, on the showing made, the Court is unable to find that Pacific has borne its heavy burden of proving Ducasse's joinder to have been improper. Having reached this conclusion, the Court realizes that, to a certain extent, the lack of specificity of Plaintiffs' petition is operating in their favor with respect to their motion to remand. Pacific, however,was not without means of defense.

Indeed, the Fifth Circuit, in *Smallwood,* recognized that there would be instances in which a plaintiff would state a claim on the face of the petition, but nevertheless have "misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Under such circumstances, the district court is allowed to "pierce the

---

[4] *See* First Amended Petition for Damages, ¶7. *See also* First Amended Petition for Damages, ¶¶6, 16-17, and 78.

[5] Plaintiffs have alleged their reliance on Ducasse's expertise in procuring their business income coverage. *See* First Amended Petition for Damages, ¶¶6-7. They additionally allege that "Ducasse and Pacific did not explain the operation of the co-insurance clauses to the plaintiffs, and did not take any other steps to ensure that the plaintiffs understood the co-insurance clauses." *Id.* at ¶ 17.

pleadings," and conduct a summary inquiry into the evidentiary basis for a plaintiff's claim. *Id.* Here, however, Pacific has not offered an affidavit or other evidence from Ducasse reflecting the number, timing, and substance of any conversations held with Plaintiffs, or a denial that any such communications occurred.

For the reasons stated herein, the Court finds that Pacific has not demonstrated that Plaintiffs improperly joined Ducasse as a defendant to this action. Accordingly, its status as a non-diverse defendant precludes this Court's subject matter jurisdiction under 28 U.S.C. §1332 and requires remand.

### III.  CONCLUSION

On the showing made, the Court does not find improper joinder, for purposes of evaluating the instant motion to remand, to have been demonstrated with respect to non-diverse defendant E. B. Ducasse Insurance Agency. Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Rec. Doc. No.6 ) is **GRANTED**. **IT IS FURTHER ORDERED** that this action is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __3rd__ day of March 2008.

                                                                                  _____
                                                                                  **KURT D. ENGELHARDT**
                                                                                  **United States District Judge**